FILED

NOT FOR PUBLICATION

DEC 11 2025

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 25-323 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00024-JLR-1 |
| v. | |
| JAMES JOSEPH HENDRIX, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted December 4, 2025**
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER,*** District Judge.

Defendant-Appellant James Joseph Hendrix ("Hendrix") appeals the revocation

of his supervised release, contending that the district court violated his due process

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

right to confrontation by admitting the hearsay testimony of Katherine Harrje ("Harrje"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. "Whether a defendant has received due process at a revocation proceeding is a mixed question of law and fact we review de novo." *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). Because the parties are familiar with the facts of this case, we do not recount them here except as necessary.

2. The district court erred by failing to conduct "the requisite due process balancing test," *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999), before admitting the hearsay testimony of Harrje. "[I]n determining whether the admission of hearsay evidence violates the releasee's right to confrontation in a particular case, the court must weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it." *Id.* at 1170. The record indicates that the district court did not apply the *Comito* balancing test here.

3. However, the district court's error was harmless because the admission of Harrje's hearsay testimony did not violate Hendrix's due process right to confrontation. "We still must review the underlying question to determine if [Hendrix's] confrontation rights were violated, and, if so, whether the violation was harmless beyond a reasonable doubt." *Id.* The weight of Hendrix's interest in confronting Harrje depends on the "importance of the hearsay evidence to the court's

- 2 -

ultimate finding and the nature of the facts to be proven by the hearsay evidence." *Id.* at 1171. The more important the evidence is to the district court's finding or "the more subject to question the accuracy and reliability of the proffered evidence, the greater [Hendrix's] interest in testing it by exercising his right to confrontation." *Id.* Additionally, a releasee's interest in confrontation is lessened where the releasee had an opportunity to refute the hearsay testimony. *United States v. Martin*, 984 F.2d 308, 311-12 (9th Cir. 1993).

We first consider Harrje's hearsay statements about the methamphetamine found in her purse. These statements were important to the district court's finding that Hendrix possessed methamphetamine. But there are indications that the statements were reliable. First, the statements appear to be excited utterances. *See* Fed. R. Evid. 803(2). Although the Federal Rules of Evidence do not apply in revocation proceedings, testimony that could fall under an exception to the rule against hearsay is an indicator of reliability and reduces the releasee's interest in confrontation. *See Valdivia v. Schwarzenegger*, 599 F.3d 984, 990 (9th Cir. 2010). The officer observed that Harrje was in a heightened emotional state when she made the statements. *See* Fed. R. Evid. 803(2); *Woods v. Sinclair*, 764 F.3d 1109, 1125 (9th Cir. 2014) (statement was an excited utterance where declarant was "very emotional, very distraught, [and] clearlyupset"). Other evidence, such as the amount of cash Hendrix

possessed and Hendrix's statement to the police admitting to drug trafficking activity, corroborated Harrje's hearsay statements. *See United States v. Hall*, 419 F.3d 980, 987-88 (9th Cir. 2005) (hearsay statements bore indicia of reliability due to corroboration by other evidence). Moreover, Hendrix's opportunity to refute the hearsay statements by introducing the ATF report that contained the statements that he sought to elicit from Harrje on cross-examination "mitigat[es] . . . his right to confrontation." *Martin*, 984 F.2d at 311-12.

We next consider Harrje's hearsay statement about the bags containing the firearm and police gear. Although the statement contributed to the district court's finding that Hendrix unlawfully possessed a firearm, Hendrix's interest in confrontation is diminished because of the statement's consistency with other evidence. *See Hall*, 419 F.3d at 987-88. The statement was consistent with Officer Gottas's testimony that Hendrix identified the origin of the stolen gear and admitted to trafficking stolen property. Furthermore, Hendrix introduced the ATF report, which shows he had an opportunity to refute the hearsay statement. *See Martin*, 984 F.2d at 311-12.

Regarding good cause, we look to "both the difficulty and expense of procuring witnesses and the traditional indicia of reliability borne by the evidence." *Hall*, 419 F.3d at 988 (quoting *Martin*, 984 F.2d at 312). The Government made substantial

efforts to contact and subpoena Harrje but suspended those efforts due to suspected drug trafficking activity at her home. Harrje's presence at the revocation proceeding as a witness for Hendrix does not indicate that the Government lacked good cause. She predictably was unwilling to testify at that time without speaking to a lawyer. Notably, Hendrix also did not see a need to reserve the opportunity to call Harrje after the court admitted the ATF report and accepted Hendrix's offer of proof. And as discussed, the hearsay testimony bears indicia of reliability.

Weighing Hendrix's diminished interest in confronting Harrje against the Government's good cause for failing to procure her testimony, we conclude that the district court's decision to admit the hearsay testimony did not violate Hendrix's due process right to confrontation.[1]

**AFFIRMED**.

---

[1] Hendrix also makes an underdeveloped argument that the district court failed to make an on-the-record finding under Fed. R. Crim. P. 32.1(b)(2)(C) that the "interest of justice" excused Harrje's in person testimony. Hendrix did not raise this objection in the district court. Accordingly, we review for plain error. *See United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019). Hendrix does not explain how the requirements of Rule 32.1(b)(2)(C) differ from those of *Comito*. Because there was no error under *Comito*, and we see no difference between the requirements of *Comito* and Rule 32.1(b)(2)(C), we conclude the district court did not plainly err under Rule 32.1(b)(2)(C).